## Hulda Rittfeldt, Appellant, v. Carl O. Young, Appellee.

## Gen. No. 16,455.

1. VERDICTS—*when not set aside as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

2. INSTRUCTIONS—*when refusal as to punitive damages will not reverse.* Notwithstanding an instruction on the subject of the allowance of punitive damages is improperly refused, the error will be deemed harmless where the verdict was one of not guilty.

3. INSTRUCTIONS—*when inaccuracies will not reverse.* Notwithstanding instructions may not be strictly accurate a reversal will not be awarded if it is improbable that the jury could have been misled.

Appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed May 9, 1912.

JOSEPH G. SHELDON, for appellant.

JOHNSON & MOLTHROP, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

On the third trial of this case—the first two trials having resulted in disagreements—the jury found the defendant, a physician, not guilty of an alleged rape on the plaintiff while under his professional care. A motion for a new trial was heard and overruled and judgment was entered upon the verdict.

The only errors assigned which are discussed in the brief of appellant's counsel are that the verdict is contrary to the evidence, that the trial court erred in sundry rulings on questions of evidence, and that the court erred in giving two instructions and refusing another.

As to the first of the alleged errors, it would be a disagreeable and unprofitable task to recite here, in unsavory detail, the facts and circumstances in evidence. The plaintiff was twenty-one years of age at

the time of the occurrence in question. Her claim that she was criminally assaulted by the defendant is positively denied by him and he proved a strong alibi. Her admissions that she made no resistance and no outcry at the time, and no complaint, for months afterwards, tend to discredit her testimony. Her case rests entirely on her own evidence and such corroboration as may be implied from the facts that nearly eight months after the alleged rape the defendant, at the demand of the plaintiff's father, paid her $200 in money and gave her a receipt or contract signed by the superintendent of a "maternity hospital," in which the hospital agreed, in consideration of $300 paid to it, to care for her during her confinement, and that she in return signed a receipt for $500, "as a release in full for alleged claims I may have against him" (defendant) "as alleged father of my unborn child." The defendant claimed that this money was extorted from him by threats of publication and that, protesting his innocence, he paid the money only "to avoid scandal and notoriety." In this state of the record, we cannot say that the verdict was contrary to the evidence.

The jury having found the defendant not guilty, the refusal of the court to give the offered instruction concerning punitive damages became a matter of no consequence, and if error, was harmless. As to the two given instructions complained of, while they are not strictly accurate, we think it is improbable that the jury could have been misled by them to the injury of appellant. Nor do we find any reversible error in the rulings of the trial court on the questions of evidence pointed out in appellant's brief. On the whole record we think appellant has had a fair and full opportunity of presenting her case, and that substantial justice has been done.

The judgment will be affirmed.

*Affirmed.*